# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan
☑ __3rd__ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

| | | | |
|---|---|---|---|
| DEBTOR: | **Elizabeth Flemming** | CASE NO.: | **25-20252** |
| SS#: | **xxx-xx-0808** | | |

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section IX | ☐ Included | ☑ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. **$350.00** for months **1** to **60**;

**B. DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

Total Fees: **$5,000.00**    Total Paid: **$2,500.00**    Balance Due: **$2,500.00**

Payable **$312.50** /month (Months **1** to **8**)

Payable **$0.00** /month (Months **9** to **60**)

Allowed fees under LR 2016-I(B)(2) are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☑ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

**B. VALUATION OF COLLATERAL:** ☑ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

Debtor(s): _____**Flemming, Elizabeth**_____    Case number: _____**25-20252**_____

1. **REAL PROPERTY:** ☑ NONE

2. **VEHICLES:** ☑ NONE

3. **PERSONAL PROPERTY:** ☑ NONE

C. **LIEN AVOIDANCE:** ☑ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-3.

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee

☑ NONE

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors

☐ Other: _____

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| | | |

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ NONE

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | **US Bank National Association** | **3592** | **9338 NW 49th Pl Fort Lauderdale, FL 33351** |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C §507 and 11 U.S.C. § 1322(a)(4)]

A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☑ NONE

B. **INTERNAL REVENUE SERVICE:** ☑ NONE

C. **DOMESTIC SUPPORT OBLIGATION(S):** ☑ NONE ☐ CURRENT AND PAID OUTSIDE

D. **OTHER:** ☑ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

> A. Pay
> **$315** /month **(Months _9_ to _60_ )**
>   Pro rata dividend will be calculated by the Trustee upon review of the filed claims after bar date.
> B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all unsecured nonpriority claims.

C. **SEPARATELY CLASSIFIED:** ☑ NONE

*Debtor(s) certify the separate classifications(s) of the claims(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

Debtor(s): **Flemming, Elizabeth**          Case number: **25-20252**

| | | |
|---|---|---|
| VI. | **STUDENT LOAN PROGRAM** ☑ NONE | |
| VII. | **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee. | |

☑ NONE

| Name of Creditor | Collateral | Acct. No.(Last 4 Digits) | Assume/Reject |
|---|---|---|---|
| | | | |

VIII. **INCOME TAX RETURNS AND REFUNDS:**

☐ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

☐ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

☑ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

IX. **NON-STANDARD PLAN PROVISIONS** ☑ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| X **/s/ Elizabeth Flemming** | **01/08/2026** | X _____ | _____ |
|---|---|---|---|
| Elizabeth Flemming<br>Debtor | Date | Joint Debtor | Date |

| **/s/ Neil Dhawan** | **01/08/2026** | | |
|---|---|---|---|
| Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1] | Date | | |

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.